

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

October 10, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  United States v. Lance Schoner
>       Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 17, 2013.  For the reasons stated below, the government objects to defense counsel's request for a sentence of time served and respectfully requests an incarceratory sentence.

I.      <u>Background</u>

In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

During the course of the conspiracy, the defendant served as a money launderer for the co-conspirators located in Canada.  The defendant was instrumental in laundering the money by shipping it to the West Coast for re-investment in cocaine purchases from West Coast drug traffickers, who would then transport the cocaine to Canada, where it retailed for a much higher price than in the United States.  (PSR ¶ 38).  For example, on July 2, 2010, the defendant accepted $180,000 in cash from co-defendants Gjavit Thaqi, Nicholas Masi and Robert Karaqi.  Once the defendant drove away from the meeting with Thaqi and the others, law enforcement officers pulled him over; he was accompanied by co-defendant Robert Bonura at the time.

(PSR ¶ 39).  Law enforcement officers seized from the defendant $180,000 in cash, multiple Brinks receipts representing cash transportation, money laundering ledgers and marijuana trafficking ledgers.  The defendant and Bonura were released in furtherance of the investigation.  Id.  At the time of the arrest, the reported that his business, "L & M Jewelers" was the rightful owner of the cash, and that it represented legal business income.  Id.  The defendant filed a civil claim in the Southern District of New York to recoup the cash.  See id.  On March 11, 2011, the defendant was again arrested, this time in possession of $300,000 in cash, after collecting drug proceeds from various drug traffickers on Long Island.  (PSR ¶ 40). Schoner filed a false affidavit with the police, claiming that the cash represented legitimate proceeds.

During the course of the defendant's money laundering activities, he utilized multiple shell corporations and related corporate accounts to conceal his money laundering activity. (PSR ¶ 41).  An analysis of the bank records show that the defendant laundered approximately $18 million in drug funds from early 2010 to July 2011, which is the end of the instant conspiracy.  Id.  The defendant typically received drug money from Thaqi and other co-conspirators in the New York City area, and then would arrange for bulk shipment of the cash proceeds via Brinks armored cash couriers to co-defendant Brent Sapergia, who was hired by the Canadian marijuana conspirators as an armored car transfer agent.  (PSR ¶ 42).

On June 3, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to Count Nine of the superseding indictment, charging the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  (PSR ¶ 1).

II.  Discussion

    A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

 B. The Advisory Guidelines Range Is 70 to 87 Months

The Probation Department has determined that the defendant's adjusted offense level is 29, based on his stipulation that he laundered funds for at least 700 kilograms of marijuana, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 87 to 108 months' imprisonment. (PSR ¶¶ 109, 150). The government supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0. Including this reduction, the resulting advisory Guidelines sentencing range is 70 to 87 months. Id. ¶ 162.

 C. An Incarceratory Sentence is Appropriate

Based on the factors set forth in 18 U.S.C. § 3553(a), an incarceratory sentence is appropriate in this case.

In the defendant's letter dated October 2, 2013, he moves for a sentence of time served due to his wife's illness. The government does not dispute that the defendant's wife's health situation is extraordinary, and that the defendant's incarceration would pose an additional hardship on his young family. The government also does not dispute that the Court may take this into consideration in fashioning a sentence under Section 3553(a). In light of the seriousness of the defendant's offense, however, a non-incarceratory sentence is not appropriate in this case.

An incarceratory sentence within, or somewhere below, the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense of conviction -- conspiring to launder proceeds for more than 700 kilograms of marijuana -- is a serious crime that merits a serious punishment. A term of imprisonment is necessary in order to serve these important purposes of sentencing.

An incarceratory sentence is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a term of imprisonment in this case. In this case, specific deterrence is of particular concern given the fact that the defendant appears to have made his living mainly by committing money laundering during his involvement in the conspiracy. Even after the defendant had been caught red-handed, he continued to engage in the same criminal activity and filed false affidavits with a federal court and law enforcement officers misrepresenting the source of the seized funds. An incarceratory sentence is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.  Conclusion

    For the reasons set forth above, the government respectfully asks the Court to sentence the defendant to an incarceratory sentence.

                            Respectfully submitted,

                            LORETTA E. LYNCH
                            United States Attorney
                            Eastern District of New York

            By:   /s/_____
                     Steven L. Tiscione
                     Gina M. Parlovecchio
                     Assistant U.S. Attorney
                     (718) 254-6317/6228

cc:  John Lanigan, U.S. Probation Officer (by E-mail)
    James Froccaro, Esq. (by ECF)
    Clerk of Court (DLI) (by ECF)