JAMES R. FROCCARO, JR.
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

October 14, 2013

BY ECF & OVERNIGHT DELIVERY
Hon. Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Lance Schoner
       11 Cr 486 (DLI)

Dear Judge Irizarry:

I have reviewed the government's sentencing letter to Your Honor, dated October 10, 2013, and this will serve as a brief reply.

While the government has acknowledged that Mr. Schoner's wife's health situation is "extraordinary," it has nonetheless requested an incarceratory sentence.  Simply put, the family circumstances presented by Mr. Schoner's particular case are among the most compelling I have ever encountered or witnessed in my more than 25 years as a federal criminal practitioner.  They go beyond extraordinary, to include"dire."  If Mrs. Schoner's health, care and continued well-being, along with the care and well-being of

their two young children were not so clearly at issue, I would not be asking Your Honor for a non-incarceratory sentence for Mr. Schoner. But, the unfortunate truth is that they are inexorably tied.[1]

The government has ignored the ruling of Gall v. United States, 128 S.Ct. 595 (2007), where the U.S. Supreme Court upheld as "reasonable" under 18 USC 3553(a), a sentence of probation on defendant Brian Michael Gall, even though Gall pled guilty to distributing ecstasy throughout his community. The same logic urged by the government in Mr. Schoner's case - for an incarceratory sentence to reflect the serious of the offense and promote respect for the law - was specifically rejected by the Supreme Court in Gall.[2] Indeed, as the Supreme Court explained in Gall, a non-incarceratory sentence, including probation, can be structured to amount to a "substantial restriction of freedom" and meet all of the purposes of sentencing. See Gall v. United States, 128 S.Ct. 595, 602 (2007).

---

[1] As Your Honor is no doubt well aware, the standard for the grant of a downward departure under the Guidelines, assuming one was still necessary, is whether there exists "extraordinary" family circumstances. But, the government has already conceded the presence of extraordinary circumstances here, and even acknowledged that incarceration would pose an "additional hardship" upon Mr. Schoner's "young family."

[2] During the pendency of this case, Mr. Schoner has demonstrated to this Court and the community that he has rehabilitated himself. Among other things, he and his wife sold the marital residence to satisfy his forfeiture obligation to the government, he has been gainfully employed, and he has strictly complied with the all of the terms and conditions of his Appearance Bond.

In sum, I respectfully submit that humanity dictates that an alternative to incarceration be imposed in Mr. Schoner's case.

Respectfully submitted,

/JRF/

James R. Froccaro, Jr.

JRF:pa

cc: AUSA Steven L. Tiscione, by email
   USPO John P. Lanigan, by email